(October 31, 1916.)

## JEROME L. DRUMHELLER, Respondent, v. DENVER P. DAYTON and ALICE M. DAYTON, His Wife, Appellants.

### [160 Pac. 944.]

PLEADINGS—INSTRUCTIONS—NEW TRIAL.

    1. The statement of any new matter in an answer in avoidance or constituting a defense or counterclaim is, on the trial, deemed to be controverted by the opposite party.

    2. Instruction numbered 6 examined and found to be erroneous, in that it assumed that a material controverted fact, in support of which no evidence was offered, had been established. *Held*, that by reason of this error the action of the judge in setting aside the verdict and granting a new trial was proper.

APPEAL from the District Court of the Eighth Judicial District for Boundary County. Hon. John M. Flynn, Judge.

Suit to foreclose mortgage and to recover possession of personal property. Verdict for defendant upon counterclaim set aside and new trial granted. *Affirmed.*

J. F. Ailshie and J. Ward Arney, for Appellant.

In an action for fraud in the sale of land the measure of damages is the difference between the actual value of the property and its value as represented. (*Hines v. Brode*, 168 Cal. 507, 143 Pac. 729; *Epp v. Hinton*, 91 Kan. 513, 138 Pac. 576, L. R. A. 1915A, 671; *Bunch v. McAulay*, 84 Wash. 473, 147 Pac. 36; *McDanel v. Whalen*, 91 Kan. 488, 138 Pac. 590.)

While discretion in the matter of granting a new trial is in the trial court, yet that discretion must be exercised in a legal and not an arbitrary manner. (*Baillie v. City of Wallace*, 22 Ida. 702, 127 Pac. 911; *Wood Livestock Co. v. Woodmansee*, 7 Ida. 250, 61 Pac. 1029.)

Where the trial has proceeded on the theory and understanding that a certain fact is conceded and there is no dispute over it, the losing party will not be allowed to controvert

such fact or verdict or finding against him. (*Trask v. Boise King etc.*, 26 Ida. 290, 142 Pac. 1074.)

The duty fell upon the respondent at the trial to request any other or fuller or more correct instruction, and if the respondent, at that time, failed to ask that the court correct the instruction in respect to the value of the property, the respondent cannot now, after trial and upon motion for a new trial and appeal, make the statement as to the purchase price of the property a ground for a new trial or a basis upon which to predicate reversible error. (*Barter v. Stewart Min. Co.*, 24 Ida. 540, 135 Pac. 69; *Townsend v. Butterfield*, 168 Cal. 564, 143 Pac. 762; *Dahlgran v. Chicago, M. & P. S. Ry. Co.*, 85 Wash. 395, 148 Pac. 567, 571.)

A. H. Conner, for Respondent.

The question of the contract price of the real estate was material to the respondent's counterclaim; that fact was controverted, and the court erred in assuming it. This is reversible error. (38 Cyc. 1658, and cases cited.)

Where the evidence is conflicting, and the trial judge, who has heard the witnesses and observed their demeanor upon the stand, is of the opinion that the jury was wrong and that their verdict was contrary to the principles of justice, it is his duty, in the exercise of his sound legal discretion, to set aside the verdict and grant a new trial; and if the court so acts, its order granting a new trial will not be disturbed upon appeal. (*Baillie v. City of Wallace*, 22 Ida. 702, 127 Pac. 908; *Jones v. Campbell*, 11 Ida. 752, 84 Pac. 510; *Buckle v. McConaghy*, 12 Ida. 733, 88 Pac. 900; *Wolfe v. Ridley*, 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014; *Say v. Hodgin*, 20 Ida. 64, 116 Pac. 410; *Cox v. Cox*, 22 Ida. 692, 127 Pac. 679.)

This court has specifically enjoined trial judges not to shirk the responsibility of granting a new trial where they are of the opinion that substantial justice has not been done. (*Buster v. Fletcher*, 22 Ida. 172, 125 Pac. 226.)

MORGAN, J.—This action was commenced by respondent to foreclose a mortgage on 160 acres of farm land in Boundary county and to recover possession of certain personal property.

The record discloses that appellants purchased the real estate and personal property in question from respondent on August 17, 1912; that the purchase price agreed upon was $10,000; that $2,500 thereof was paid in cash; that a prior mortgage, given to secure the payment of $5,000, was assumed by the purchasers, and that the indebtedness of $2,500 remaining was evidenced by two promissory notes of $1,250 each, executed and delivered by appellants to respondent, one due on or before one year and the other on or before two years after the date thereof; that the mortgage, the foreclosure of which is sought, was given to secure the payment of these notes, and that when it was given and as a part of the transaction of purchase and sale, the parties entered into a contract wherein it was agreed, among other things, that appellants should have immediate possession of all the property, and upon payment of the note first to fall due respondent would execute and deliver to them a bill of sale of the personal property. It further appears that at the time of the commencement of this action both notes were, according to their terms, past due, and $1,987.77, together with interest thereon from August 17, 1913, remained unpaid.

Appellant, Denver P. Dayton, alleged in his separate answer that the note for $1,250 first to become due represented the purchase price of the personal property, and, further, by way of counterclaim, that respondent, prior to the purchase and sale of the property, falsely and fraudulently represented to him, and led him to believe, that only four or five acres of the land overflowed, and that water did not remain upon it a sufficient length of time, nor in sufficient quantity, to interfere with the production of crops thereon; that, in truth and in fact, much more than that amount of the land overflowed annually, and that water remained thereon for such a length of time and in such quantity as to make it practically unfit for the production of agricultural crops, and that had he not been so misled and defrauded, but had he known the true conditions, he would not have purchased the land; that had the real estate been as represented, it would have been worth the price he contracted to pay for it, namely,

$8,750, but that it was not actually worth to exceed $5,000, and that by reason of the fraud perpetrated upon him by respondent he has been and is damaged in the sum of $3,750.

The case was tried to a jury, which rendered a verdict upon the counterclaim of appellant, Denver P. Dayton, in his favor, and assessed his damage at $3,750. Respondent filed a motion for a new trial and, after considering the same, the court made and entered an order, which is, in part, as follows:

"It is further ordered that the motion of the plaintiff to vacate the verdict of the jury rendered upon the issues presented by the counterclaim and affirmative defense of the defendant, and to grant a new trial on said issues, be, and the same is hereby, granted upon the following grounds, to wit:

"1. That the verdict is against the law.

"2. That the court erred in giving instruction No. 6 to the jury.

"3. That substantial justice has not been done by the verdict of the jury."

This appeal is from that order.

As will be observed from the foregoing, the allegations that the purchase price of the land was $8,750 and that of the personal property $1,250 occur in the answer as an affirmative defense and counterclaim. These allegations are deemed to be denied by respondent, who was plaintiff below. Sec. 4217, Rev. Codes, is as follows:

"Every material allegation of the complaint not controverted by the answer, must, for the purposes of the action, be taken as true; the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party."

These were material allegations of fact necessary to be established by the appellant, Denver P. Dayton, in order to fix the amount of damage he sustained by reason of the fraud which he alleged was perpetrated upon him. The record discloses no evidence tending to establish the purchase price of the land alone, but it is agreed that the real estate and personal property together were sold for $10,000. The fact that

a bill of sale was to be made conveying absolute title to the personal property to appellants upon the payment of one of the promissory notes for $1,250 cannot be deemed to fix its value at that amount, since, in the transaction, $2,500 was paid in cash, a part or all of which may have been considered as applying upon the purchase price of the personal property.

The instruction numbered 6 mentioned in the order appealed from is as follows:

"If you find for the defendant upon the question of fraud as alleged in his counterclaim, then it will be necessary for you to determine the amount of the defendant's damages. The defendant claims that the contract price of the land is $8,750, and if you find for him, his damages will be the difference between that sum and the value of the land as the evidence shows it to have been in the condition it was on August 17, 1912; in other words, you will fix and determine the value of the land in its actual condition on the 17th day of August, 1912, and subtract that sum from $8,750, and the difference will be the amount of the defendant's damages, and this amount you will return in your verdict, without regard to the notes in suit or either of them."

It was manifestly error for the trial judge to assume that $8,750 was the purchase price of the land, and no other instruction was given which would have a tendency to correct it. As above indicated, this was a controverted fact for the jury to determine from the evidence. (38 Cyc. 1657.) When the attention of the learned trial judge was directed to this error he set aside the verdict and granted a new trial, as it was his duty to do.

Counsel for the respective parties have discussed the evidence at considerable length in support of and in opposition to the third reason stated in the order granting a new trial, "that substantial justice has not been done by the verdict of the jury," and many authorities have been brought to our attention tending to establish the rule that the granting or denying of a new trial rests in the sound discretion of the trial court. Since the giving of instruction numbered 6 in this case was a sufficient reason for setting aside the verdict,

and, since a new trial of the case must be had, we do not deem it to be necessary, nor would it be proper, for us to discuss the sufficiency of the evidence.

The order appealed from is affirmed.   Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.